UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLEOPHAS FORT, JR.,
    Plaintiff(s),

vs.

OCWEN LOAN SERVICING, LLC., et al.,

    Defendant(s).

No. C 09-04497 MHP

**ORDER DISMISSING COMPLAINT**

    Plaintiff filed this complaint and an *ex parte* motion for a temporary restraining order in this court premised on diversity jurisdiction. The complaint asserts only state law claims and alleges that plaintiff "resides" in California. It also alleges as to at least two of the defendants that they are California corporations.

    First of all, the allegations in this complaint do not meet the minimal standards for alleging diversity of citizenship. As to individual parties it is their citizenship that controls and must be alleged, not their residence. Although the plaintiff's residency and citizenship may be in the same state, it is not up to the court to make such assumptions. It is up to the plaintiff to properly allege citizenship. It is hornbook law that an allegation of residency does not qualify as an allegation of citizenship. See, e.g., Mantin v. Broad. Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957); Jeffcott v. Donovan, 135 F.2d 213 (9th Cir. 1943).

    A corporation's citizenship is based on its state of incorporation and its principal place of

business; both of these must be alleged. Subparagraph (c) of 28 U.S.C. section 1332, conferring diversity jurisdiction on the district courts, spells out that a corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business". Merely alleging that it is a "California corporation" or a "Delaware corporation", for example, does not suffice. Plaintiff must allege the state of incorporation and the state of the corporation's principal place of business, not merely where it happens to have an office.

Allegations against an LLC, such as the first-named defendant, must set forth where each member of the LLC is a citizen. An LLC is not a corporation for the purpose of diversity jurisdiction (and for many other purposes); it is a limited liability company. The law in this and other circuits is clear: citizenship for limited liability corporations is determined by the citizenship of its *members*. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Even if plaintiff could cure these defects he would face an even greater hurdle for it is hornbook law that diversity jurisdiction requires diversity of citizenship between plaintiff and all defendants. Section 1332, which plaintiff cites and his counsel would do well to read, provides that diversity jurisdiction is given to the district courts over actions between "citizens of different states". In its seminal opinion on this statute the Supreme Court stated that diversity jurisdiction requires that *each* defendant be a citizen of a state different from the state of citizenship of *each* plaintiff. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).

Furthermore, Rule 12(h)(3) of the Federal Rules of Civil Procedure specifically provides that if a "court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (Emphasis added). Thus, courts have routinely held that the question of diversity jurisdiction may be raised *sua sponte*. See, e.g., Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002);

On its face the complaint in this case shows that there is no diversity jurisdiction. Plaintiff is alleged to be a California resident and at least two of the defendants are alleged to be California corporations. Assuming, as it appears, that these three parties are California citizens, there is no diversity and this court has no jurisdiction over this action.

2

Therefore, the complaint in this action is DISMISSED for lack of subject matter jurisdiction. The dismissal is without prejudice to renewing the claims in state court. Of course, the court being without subject matter jurisdiction has no jurisdiction to act on a motion for a temporary restraining order

The Clerk of Court shall close the file.

IT IS SO ORDERED.

Date: September 24, 2009

MARILYN HALL PATEL
United States District Court Judge

3